UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
GETTY IMAGES (US), INC.,            )
                                    )
    Plaintiff,                  )
                                    )
v.                                  )   Civil No. 19-cv-11084-LTS
                                    )
HER CAMPUS MEDIA, LLC               )
                                    )
    Defendant.                  )
                                    )

ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT (DOC. NO. 11)

October 28, 2019

SOROKIN, J.

Now before the Court is Defendant Her Campus Media, LLC's ("Her Campus") Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment. Doc. No. 11. Plaintiff Getty Images (US), Inc. ("Getty Images"), a leading provider of digital photographic content, contends that Her Campus, a website that publishes content focused on college-aged women, reproduced and publicly displayed, without authorization, twenty-four works that were registered by Getty Images with the U.S. Copyright Office. According to Getty Images, the alleged infringement at issue here was carried out, in the first instance, by Her Campus employees, as well as "unpaid student authors" who are "de facto employees or agents of Her Campus." Doc. No. 1 ¶ 15, 18. Getty Images alleges that Her Campus "exercises full editorial control over articles published on its Website," including those authored by student contributors. Id. Additionally, Getty Images alleges that this lawsuit comes after it sent "multiple notices to Her Campus about its unauthorized use of photographs owned by Getty

Images," as well as communications to Her Campus co-founder Annie Wang that "provided her with documented evidence showing [hundreds of] infringement[s]." Id. ¶¶ 23-25. Thus, Getty Images alleges that Her Campus "acted willfully or with reckless disregard of facts and circumstances that would put a reasonable website owner or operator on notice of the [alleged] infringements." Id. ¶ 37.

Her Campus first moves for dismissal. In reviewing a Rule 12(b)(6) motion to dismiss, a court must "[s]et[] aside any statements [in the complaint] that are merely conclusory" and "construe all factual allegations in the light most favorable to the non-moving party to determine if there exists a plausible claim upon which relief may be granted." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013). "To prevail on a copyright infringement claim, a party must prove both control of a valid copyright and copying of original elements of the work by the putative infringer." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); LovePop, Inc. v. PaperPopCards, Inc., 286 F. Supp. 3d 283, 287 (D. Mass. 2018). Here, Getty Images has pled facts sufficient to state such a claim. Doc. No. 1 ¶¶ 30-35 (describing copyrighted works and providing registration information); Doc. No. 1-5 (providing screenshots of allegedly infringing images as they appeared on Her Campus' website).

Notwithstanding Getty Images' well-pleaded allegations of copyright infringement, Her Campus seeks dismissal by raising several affirmative defenses. "Affirmative defenses . . . may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense[s] [are] clear on the face of the plaintiff's pleadings." Monsarrat v. Zaiger, 286 F. Supp. 3d 253, 256 (D. Mass. 2017), reconsideration denied, 303 F. Supp. 3d 164 (D. Mass. 2018) (quoting Santana–Castro v. Toledo–Davila, 579 F.3d 109, 113–14 (1st Cir. 2009)). The defendant bears the burden of proving such defenses. Soc'y of Holy

Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29, 59 (1st Cir. 2012). Her Campus presents two primary defenses: (1) that it is entitled protection under the safe harbor provision of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c); and (2) that the appearance of Getty Images' copyrighted photographs on its website constituted fair use under 17 U.S.C. § 107.[1]

As to each of these defenses, "the complaint itself must establish the facts necessary to sustain defendant's [affirmative] defense." BWP Media USA Inc. v. Hollywood Fan Sites, LLC, 69 F. Supp. 3d 342, 358 (S.D.N.Y. 2014). In the DMCA context, courts have held that "[o]nly when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." H-D U.S.A., LLC v. SunFrog, LLC, 282 F. Supp. 3d 1055, 1061 (E.D. Wis. 2017) (quoting Xechem, Inc. v. Bristol–Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004)). Similarly, courts routinely decline to grant dismissal based on a fair use defense when, as here, "[t]he facts, as alleged in the complaint, are simply insufficient to conduct a thorough analysis of fair use." Browne v.

---

[1] Her Campus briefly urges two additional affirmative defenses, neither of which succeed. First, Her Campus argues that Getty Images "brought this lawsuit as a sales tool, not in order to rectify any legal wrong." Doc. No. 11 at 15. However, "the defense of illegality or unclean hands is 'recognized only rarely [in copyright law], when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action.'" Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 990–91 (9th Cir. 2009) (quoting 4 Nimmer on Copyright § 13.09[B]). Given that none of the facts alleged in the complaint suggest grave transgressions or fraudulent misconduct, Her Campus cannot sustain a 12(b)(6) dismissal based on this affirmative defense.
Second, Her Campus argues that Getty Images "failed to mitigate its damages" by neglecting to "inform Her Campus as to the identity of the [allegedly infringing] images." Doc. No. 11 at 15. A failure to mitigate damages, however, is not grounds for dismissal; indeed, Getty Images "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages." 17 U.S.C. § 504(c)(1); see also Arista Records, Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 422 (D.N.J. 2005) (holding that a failure to mitigate damages defense is inapplicable when a plaintiff elects to seek statutory damages).

McCain, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009); accord Vil v. Poteau, No. 11-CV-11622-DJC, 2013 WL 3878741, at *7 (D. Mass. July 26, 2013). Accordingly, Her Campus' motion to dismiss is DENIED.

In the alternative, Her Campus moves for summary judgment, relying on submitted affidavits to augment the record before the Court. Doc. No. 13. Under the familiar standard, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making its determination, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs–Ryan v. Smith, 904 F.2d 112, 115 (1st Cir.1990). However, "trial courts should refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery." Velez v. Awning Windows, Inc., 375 F.3d 35, 39 (1st Cir. 2004).

At the outset, the Court concludes that Her Campus' failure to include a Statement of Material Facts, as required by Local Rule 56.1, is a sufficient ground for denying its motion without prejudice. Additionally, however, the affirmative defenses that Her Campus raises as the basis for its motion for summary judgment turn on many facts entirely under its control and either absent from the record or disputed by the parties. This includes the precise nature of the relationship between Her Campus and its student contributors, as well as the existence and sufficiency of Her Campus' repeat infringer policy. Under these circumstances, Getty Images "has demonstrated that additional discovery is likely to uncover facts that may influence the outcome of the pending motion." Angelo v. USA Triathlon, No. 13-CV-12177-ADB, 2016 WL 126248, at *3 (D. Mass. Jan. 12, 2016). This is precisely the purpose of Rule 56(d), which

"protects a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion."  Rivera–Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 28 (1st Cir.2013).  Thus, Her Campus' motion for summary judgment is premature and DENIED.

Her Campus shall, within ten days of this Order, file its answer to Getty Images' complaint.  The Clerk shall schedule a Rule 16 conference for December 2, 2019 at 2 PM.


SO ORDERED.


  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge